UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ESTRADA,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | NO. ED CV 08-446-E<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER OF REMAND** |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on April 11, 2008, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 14, 2008.

///

Plaintiff filed a motion for summary judgment on September 16, 2008.[1]  Defendant filed a motion for summary judgment on October 14, 2008.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed April 14, 2008.

## BACKGROUND

Plaintiff asserts disability allegedly beginning July 4, 2002 (Administrative Record ("A.R.") 224-29).  A "Certificate of Disability, etc." from the Arrowhead Regional Medical Center, dated March 17, 2005, states Plaintiff then was "unable to perform work" because of "chronic lower back pain" (A.R. 222).  This document bears an illegible signature, likely that of a treating physician.  Id.  A "Statement of Provider," dated April 17, 2007, similarly claims Plaintiff cannot work (A.R. 223).  This document also bears an illegible signature, likely that of a treating physician.  Id.

The Administrative Law Judge ("ALJ") found Plaintiff not disabled (A.R. 10-17).  The ALJ gave "little weight" to the "Certificate of Disability, etc." "because it is expressed in a checklist without explanation of the basis of the conclusions.  It is unsupported, brief and conclusory.  Further, it is unclear whether this assessment was rendered by an acceptable medical source" (A.R. 15).  The ALJ failed specifically to mention the "Statement of Provider" (A.R. 10-17).  The Appeals Council denied review (A.R. 3-5).

---

[1]  Plaintiff's motion violates paragraph VI of this Court's Order, filed April 14, 2008.  Counsel for Plaintiff shall heed Court orders in the future.

2

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted);

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

3

McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . .").

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record") (citations omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

It appears likely that both the "Certificate of Disability, etc." and the "Statement of Provider" reflect the opinion of one or more of Plaintiff's treating physicians that Plaintiff cannot work. At a minimum, absent further record development, substantial evidence

4

fails to support the conclusion that these documents did <u>not</u> emanate from Plaintiff's treating physician(s).

Absent further inquiry, the ALJ properly could not reject these opinions. "[T]he ALJ need not accept an opinion of a physician – even a treating physician – if it is conclusionary and brief and is unsupported by clinical findings." <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1019-20 (9th Cir. 1992); <u>accord</u>, <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1339-40 (9th Cir. 1988); <u>Young v. Heckler</u>, 803 F.2d 963, 967-68 (9th Cir. 1986). However, authorities such as <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996) and section 404.1512(e) of 20 C.F.R. suggest that, under the circumstances of the present case, further inquiry of the treating source(s) should precede a final determination of whether the opinions are not adequately explained or supported.

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in <u>Harman v. Apfel</u>, 211 F.3d 1172 (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000) ("<u>Harman</u>") does not compel a reversal rather than a remand of the present case. In <u>Harman</u>, the Ninth Circuit stated that improperly rejected medical

5

1  opinion evidence should be credited and an immediate award of benefits
2  directed where "(1) the ALJ has failed to provide legally sufficient
3  reasons for rejecting such evidence, (2) there are no outstanding
4  issues that must be resolved before a determination of disability can
5  be made, and (3) it is clear from the record that the ALJ would be
6  required to find the claimant disabled were such evidence credited."
7  Harman at 1178 (citations and quotations omitted).  Assuming,
8  arguendo, the Harman holding survives the Supreme Court's decision in
9  INS v. Ventura, 537 U.S. 12, 16 (2002),[3/] the Harman holding does not
10 direct reversal of the present case.  Here, the Administration must
11 recontact the treating source(s) concerning "outstanding issues that
12 must be resolved before a determination of disability can be made."
13 Further, it is not clear from the record that the ALJ would be
14 required to find Plaintiff disabled for the entire claimed period of
15 disability were the opinions of the treating source(s) credited.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26                              **CONCLUSION**
27
28 [3/]    The Ninth Circuit has continued to apply Harman despite INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 20, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that a directive for the immediate payment of disability benefits would be inappropriate.

7